**FOUNDING CHURCH OF SCIENTOLOGY OF WASHINGTON, D. C., INC., Plaintiff,**

**v.**

**NATIONAL SECURITY AGENCY et al., Defendants.**

**Civ. A. No. 76–1494.**

United States District Court, District of Columbia.

May 19, 1980.

William Dobrovir, Washington, D. C., for plaintiff.

Raymond M. Larizza, Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff brought this action under the Freedom of Information Act, 5 U.S.C. § 552(b) (FOIA), seeking release of any documents concerning plaintiff's affiliated organizations or the subject matter of Scientology. Defendant National Security Agency (NSA) identified sixteen responsive documents, but resisted disclosure on the basis of national security exemptions under FOIA. The Court of Appeals for the Dis-

trict of Columbia Circuit reversed this Court's July 31, 1977, grant of defendant's motion for summary judgment and remanded the case for further proceedings to resolve two areas of concern. First, the remand required a more complete showing that disclosure of the sixteen items fits within Exemption 3, and second, it required NSA to demonstrate more fully that it had undertaken an adequate search for other relevant materials. Defendant's motions for summary judgment and to dismiss the Director of NSA as an improper party were argued before the Court on April 22, 1980, and on April 25 the Court granted the motion to dismiss the Director. The Court deferred ruling on the motion for summary judgment until NSA might submit a more detailed affidavit in camera. NSA thereafter submitted a thirty-six page document, classified "Top Secret," which is the affidavit of Mr. Roy R. Banner, Chief of the Policy Staff for NSA.

NSA contends that all sixteen documents are exempt from disclosure in their entirety under Exemption 3, which provides that

This section [requiring disclosure] does not apply to matters that are:

specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. § 552(b)(3).

The collateral statute upon which NSA relies is P.L. 86–36, section 6, providing that

nothing in this Act or any law . . . shall be construed to require the disclosure of the organization or any function of the National Security Agency, or any information with respect to the activities thereof, or of names, titles, salaries, or number of persons employed by such agency. 50 U.S.C. § 402 note (1976).

In its remand, the Court of Appeals upheld this Court's conclusion that section 6 provides authority for Exemption 3 withholding of documents falling within its provisions.

■ The documents at issue comprise material that is "the direct product of communications intelligence activities." Banner Public Affidavit, ¶ 14. Even though the contents of the documents may not be sensitive, what their disclosure would reveal about agency functions not now publicly known compels nondisclosure. The Boardman affidavit submitted in camera establishes conclusively that the "functions" and "activities" of NSA that might be revealed, P.L. 86–36, § 6, include signals intelligence sources and methods still in active use, sources that are unique to the signals intelligence community and not a matter of public knowledge. The in camera affidavit, moreover, demonstrates how disclosure would reveal the processing capabilities of the Agency. Such internal operations of NSA fall within the protection of section 6, which precludes the disclosure of any information concerning the "organization" of NSA.

■ The second issue raised by the Court of Appeals' remand is the adequacy of the Agency's search for other responsive documents. The Court is satisfied that NSA has fully explained the apparent incongruity between its mission to collection information on particular subjects and its inability to retrieve such information once gathered. NSA has, in detailed fashion, explained how it indexes signals intelligence materials and why it could not locate the requested documents until provided with identifying serial numbers by the CIA. Although plaintiff calls into issue certain facts regarding the Agency's capability in retrieving information, a thorough reading of the entire record, including the in camera submission, demonstrates that these facts are not material. Any more public disclosure of the internal procedures of NSA and of the identity of the information at issue would compromise the secrecy required by section 6 of P.L. 86–36 to protect intelligence methods, sources, and activities.

For the reasons set forth above, and it appearing to the Court that there are no genuine issues as to material facts in this

case, defendant's motion for summary judgment is granted.